## M'COY v. KENNEDY.

April 9, 1836.

### *Case stated.*

A bequeathed 2000 pounds to be paid (after the death of four annuitants) equally among such children of his two sisters as should attain the age of twenty-one years, and constituted B executor of his will. Before the death of the annuitants B died, having by his will devised land to the plaintiff, with a direction that all claims which either of his devisees should have or make against his estate for services or *otherwise* previous to his decease, should become void and cancelled; but in the event of such claim being made, the part of the estate devised to such claimant should be charged with the payment thereof. The plaintiff takes the land under such devise, and being one of the children of the sisters of A, on the death of the annuitants, brings an action against the executor of B, who was the executor of A, to recover his share of the legacy. *Held :* 1. That he was not barred from recovery by virtue of his having taken the land under the will of B. 2. That the legacy of 2000 pounds was in the hands of B as a trustee, and the clause in his will declaring claims by his devisees against his estate void, or if made, to be charged on the land devised by him to them, was inoperative as to a claim for the legacy under the will of A by one of the devisees of B.

THIS was an action on the case brought by Anthony M'Coy against John P. Kennedy, J. Biggs and Anthony Kennedy Colhoun, executors of the last will and testament of Anthony Kennedy deceased, who was then acting executor of Andrew Kennedy deceased.

The following case was stated for the opinion of the court.

" Andrew Kennedy died in the year 1800, having first made his last will, dated the 20th of December 1786, which was duly proved, and appointed his brother Anthony Kennedy, one of his executors. Andrew Kennedy thereby bequeathed, *inter alia*, the sum of 2000 pounds sterling, to be paid after the death of four annuitants (viz. the father, mother and two sisters of the said Andrew), equally

I.—W

[M'Coy v. Kennedy.]

among such children of his two sisters as should attain the age of twenty-one years, or their lawful issue.

"By the terms of the said will, the said sum of 2000 pounds was to be considered as divided into four equal parts, to be respectively distributed, on the death of the respective annuitants, among the children of the testator's sisters, as before mentioned, and the whole estate, real and personal, left by the testator, is expressly charged with the payment of the said 2000 pounds to the said children of his sisters. Three of the annuitants died many years ago, and 1500 pounds, part of the said 2000 pounds, were duly paid according to the testator's directions.

"The last of the annuitants, namely Janet Risk, died July 31st, 1831. There were nine children of the said two sisters of the testator, Andrew Kennedy, who lived beyond the age of twenty-one years, one of whom is the plaintiff. The above named Anthony Kennedy died about the 19th of October 1828, having assets of the estate of the said Andrew in his hands, beyond the sum of 500 pounds, the balance of the 2000 pounds remaining to be distributed, which assets have come to the hands of the defendants, the executors of the said Anthony.

"The said Anthony made his last will, dated the 15th of March 1828, and a codicil dated July 21, 1828, which were duly proved, and whereby he appointed the defendants executors thereof, to whom letters testamentary were duly granted. He devised, *inter alia,* to Anthony M'Coy, the plaintiff, certain unseated lands in Lycoming county, for which (the title being disputed) the said Anthony Kennedy, in his lifetime, brought an ejectment, which remained undetermined at the time of his death. The said Anthony M'Coy, as his devisee, has authorized proceedings for the purpose of endeavouring to recover possession of the said land. The will of the said Anthony Kennedy contains the following clause, viz. : '*Item*, it is my will, and I do direct that all claims, if any, that either or any of the devisees heretofore named shall have or make against my estate for services or otherwise previous to my decease, shall become void and cancelled; and in the event of any such claim being made by either or any of the said devisees, I do hereby charge that part of my estate devised to such claimant respectively, with the payment thereof, and also if any mortgage debt shall remain unsatisfied at my decease on any part of my estate, I do charge that part of my estate charged with such mortgage with the payment thereof.'

[M'Coy v. Kennedy.]

"The *question* for the opinion of the court is, whether the plaintiff is, by the last recited clause in Anthony Kennedy's will, barred from recovering his proportion of the sum of 500 pounds, which became distributable on the death of Janet Risk, as aforesaid.

"If the court shall be of opinion that he is not so barred, judgment to be entered for the plaintiff.

"If the court shall be of opinion that the plaintiff is so barred, judgment to be entered for the defendants."

*Meredith*, for the plaintiff.
*Cadwalader*, for the defendants.

The opinion of the Court was delivered by

JONES, J.—The facts, in substance, are, that Andrew Kennedy bequeathed 2000 pounds to be paid (after the death of four annuitants) equally among such children of his two sisters as should attain the age of twenty-one years, or their lawful issue. The plaintiff is one of the persons entitled, and claims his share of 500 pounds, the part of the fund remaining, and which became due and distributable, according to the will, on the 31st of July 1831.

The defendant's testator, Anthony Kennedy, was one of the executors of the will of Andrew Kennedy.

Anthony Kennedy devised to the plaintiff certain real estate in Lycoming county, for the recovery of which he had commenced an action of ejectment which was pending and undetermined at the time of his death.

The plaintiff, as devisee of Anthony Kennedy, authorized proceedings for the purpose of recovering possession of the estate devised.

In the will of Anthony Kennedy there was a clause directing that all claims which either of his devisees should have or make against his estate for services or otherwise previous to his decease, shall become void and cancelled; but in the event of such claim being made, he charges the part of the estate devised to such claimant, with the payment thereof.

Now the defendants contend that the claim of the plaintiff is within the meaning of this clause, and having elected to take the land devised to him, he has agreed to take it subject to the sum which he claims in this case.

The plaintiff contends that this is not a claim against the estate of Anthony Kennedy, but against a fund in his hand as trustee.

[M'Coy v. Kennedy.]

We concur in the views of the plaintiff. The assets of the estate of a testator in the hands of his executor are not, in the popular or legal sense, a part of the executor's estate. They are his for the purpose of protection and administration, but not for every purpose or intent. He cannot bequeath them; they cannot be levied for his debt, even with his permission, but they may be levied for the debt of the testator. In chancery, the executor's interest is purely fiduciary. When an executor has, with his own money, paid debts to the value of the assets, he may with propriety convert the assets to his own use, but the reason is, because, having accounted for the value of the assets in the due course of administration, he is answerable for no more. By subrogation, he has the right of a creditor, and may, as executor, appropriate to his own use the identical assets in satisfaction of his claim.

Still, as it respect the surplus, and the claims of the residuary legatee or the next of kin, he is a trustee, and the fund is not a part of his estate, but he is accountable for it in his character of trustee.

Such was the situation of Anthony Kennedy at the time of the making of his will.

Can we suppose then that he had in view the claims against this fund by the phrase " *claims against my estate*" ? We think we should be doing violence to the popular as well as to the legal import of his language thus to understand it.

This point is decisive of the question. But it may be added, that the annuitant, upon whose life the 500 pounds were suspended, did not die till July 31st, 1831. Anthony Kennedy died the 19th of October 1828. The plaintiff therefore could make no lawful claim during the life of Anthony Kennedy; but by express words the claim is limited to claims which shall be made for services or otherwise *previously to his decease.* It is obvious therefore that the testator had in view claims accruing in his lifetime, as well as claims which, supposing them to be well founded, were properly chargeable against his estate. Upon these grounds we are of the opinion that judgment should be entered for the plaintiff upon the case stated.

STROUD, J. having been of counsel in the case, took no part in the judgment of the court.

Judgment for the plaintiff.